UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GREGORY FELIX PERRON et al.,

        Plaintiffs,                      Case No. 1:09-cv-216

v.                                            Honorable Robert J. Jonker

MICHIGAN PAROLE BOARD et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner, his sister and his mother under 42 U.S.C. § 1983. Plaintiffs have paid the full filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).[1] The Court must read Plaintiff Gregory Perron's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff Gregory Perron's claims that arise out of alleged serial denials of parole, but will order service of the claims of Plaintiffs Mary Perron

---

[1] The Court, however, lacks authority to review *sua sponte* non-prisoner claims on those grounds where, as here, the non-prisoners have not proceeded *in forma pauperis*. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(A) (permitting initial screening of any action in which a plaintiff is proceeding *in forma pauperis*). As a consequence, the Court will not review the claims of Mary Perron and Jean Marie Renda to determine whether they are frivolous or malicious, fail to state a claim or seek monetary relief from a defendant who is immune.

and Jean Marie Renda, and the claim of Gregory Perron arising out of suspension and alleged revocation of parole.

## **Discussion**

I.   Factual allegations

Plaintiff Gregory Felix Perron presently is incarcerated with the Michigan Department of Corrections and housed at the Florence Crane Correctional Facility. Together with his mother, Mary Perron, and his sister, Jean Marie Renda, he sues the Michigan Parole Board and the following individual parole board members: James Atterberry, Marianne Samper, Miguel Berrios, John S. Rubitschun, Charles E. Braddock, Stephen DeBoer, Enid Livingston and James Quinlan.

Plaintiff Gregory Perron pleaded guilty in the Wayne County Circuit Court to one count of third-degree criminal sexual conduct. On October 29, 2002, he was sentenced to a prison term of two to fifteen years. Following a parole review proceeding held in advance of Plaintiff's earliest release date of October 7, 2004, the parole board issued a Notice of Decision granting parole with a projected release date of October 7, 2004. On September 17, 2004, the parole board issued a second Notice of Decision, notifying Plaintiff that his parole was suspended, providing the following information:

> The Parole Board is suspending the parole action pursuant to MCLA 791.236(2), to consider information received by the parole board after the original parole release decision. Following is a summary of the new evidence that is the basis for reconsideration.
>
> Due to information (correspondence) received after granting the positive parole action, suspend and list for interview.

(Am. Compl. at 3b, docket #4.) Plaintiff subsequently was interviewed by Defendant Berrios, who advised Plaintiff, "No, we are not taking your parole; we just want to look into this a little further."

(*Id.*)  On October 14, 2004, the parole board issued another Notice of Decision that denied parole and continued Plaintiff as a prisoner with reconsideration set for one year, on September 17, 2005. In September 2005, Plaintiff Gregory Perron was again denied parole and review was continued for a further year.  Since that time, he has continued to be denied parole at every review.

Plaintiff Gregory Perron alleges that the 2004 decisions of September 17, 2004 and October 14, 2004, which suspended and then denied his parole, were equivalent to a parole revocation.  He argues that once the parole board issued a favorable parole decision he had a liberty interest in his parole.  He alleges that Defendants deprived him of due process by denying him access to the new evidence being used against him and by failing to provide a constitutionally adequate hearing.  Gregory Perron also alleges that he had a heart attack in June 2006, requiring triple by-pass surgery.  He contends that his physical and mental health have been compromised by Defendants' "revocation" of his parole and by their continuing denials of parole during subsequent parole review proceedings.

Plaintiffs Mary Perron and Jean Marie Renda contend that, in anticipation of Gregory's expected parole on October 7, 2004, they expended substantial funds to prepare for Gregory's release.  Specifically, they contend that they purchased a used automobile, rented a house and made significant improvements to it, and purchased new clothing suitable for employment and social living.

Plaintiffs seek declaratory and injunctive relief and monetary damages

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic*

*Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The standard requires that a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Glassner v. R.J. Reynolds Tobacco Co.*, 223 F.3d 343, 346 (6th Cir. 2001). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 127 S. Ct. at 1965; *Lewis v. ACB Business Serv., Inc.*, 135 F.3d 389, 405 (6th Cir. 1998) (holding that a court need not accept as true legal conclusions or unwarranted factual inferences). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974; *see also United States v. Ford Motor Co.*, 532 F.3d 496, 503 (6th Cir. 2008); *United States ex rel. Bledsoe v. Comty. Health Sys., Inc.*, 501 F.3d 493, 502 (6th Cir. 2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

    A.  <u>Denial of Parole</u>

Gregory Perron asserts that Defendants violated his due process rights by denying him parole each time he came up for review since October 2004, notwithstanding his perfect jail record, his acceptance of responsibility and his rehabilitative efforts. To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest,

and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because Gregory Perron has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In addition, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the Sixth Circuit has held that the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). As stated by the Supreme Court, a state's scheme may be specific or general in defining the factors to be considered by the parole authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1165 n.1 (noting that MICH. COMP. LAWS § 791.235 listed "a large number of factors to be taken into account by the board"). Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. *Carnes*, 76 F. App'x at 80.

Until Gregory Perron has served his fifteen-year maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary

or capricious denial of release on parole states no federal claim.  *See Haynes*, 1990 WL 41025, at *1.  The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained."  *Greenholtz*, 442 U.S. at 11.  The Michigan Parole Board's failure or refusal to consider Gregory Perron for parole, therefore, implicates no federal right.  In the absence of a liberty interest, Gregory Perron fails to state a claim for a violation of his procedural due process rights based on parole denials issued after October 2004.

B. Suspension and Revocation of Parole

Gregory Perron also asserts a deprivation of due process based on the suspension and alleged revocation of the Parole Board's initial Notice of Decision granting parole with a projected release date of October 7, 2004.  The non-prisoner Plaintiffs, Mary Perron and Jean Marie Renda, assert their own claims based on the suspension and alleged revocation of the original Notice of Decision.  The Court has no pre-screening authority in this case over non-prisoner claims, and because those claims are bound up with the prisoner claims raising the same theory of relief, the Court will direct service of process on the Plaintiffs' claims challenging the suspension and alleged revocation of the original Notice of Decision granting parole.  Of course, this does not amount to a finding that any Plaintiff has a valid claim that will survive all possible defenses the Defendants may assert.  It is simply a finding that 28 U.S.C. § 1915A(b)(1) does not apply to this particular set of Plaintiffs and claims, and that any issues regarding possible affirmative defenses that may bar otherwise available claims are best resolved in this case on any properly supported motion the Defendants choose to file.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff Gregory Perron's action will be dismissed in part for failure to state a claim pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c) arising out of alleged serial denials of parole. The Court will order service of the claims of Mary Perron and Jean Marie Renda, and the parole suspension and revocation claim of Gregory Perron.


Dated:     June 4, 2009                          /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 UNITED STATES DISTRICT JUDGE